IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| **John Thomas Clark**, ) | C/A 9:17-0742-MGL-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Horry County South Carolina Sheriff's** ) | |
| **Office and Pfc. J. Morales**, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action has been filed by the Plaintiff asserting claims against the Horry County Sheriff's Office and Officer "J" Morales, a Sheriff's Deputy, alleging violations of his federal constitutional rights as well as claims under the South Carolina Tort Claims Act (SCTCA), S.C.Code Ann. §15-78-10, et seq. Plaintiff's claims arise out of his incarceration at the Horry County Detention Center on or about July 29, 2016.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on May 19, 2017. Plaintiff filed a response in opposition to the Defendants' motion on June 19, 2017, to which the Defendants filed a reply on June 26, 2017. The Court thereafter held a status conference (telephonic) with counsel on August 23, 2017, following which counsel filed a status update narrowing the issues to be addressed in the motion to dismiss. Defendants' motion is now before

1



the Court for disposition.[1]

## **Allegations of the Complaint**

Plaintiff alleges that on or about July 29, 2016 he was arrested by the Defendant Horry County Sheriff's Office on an outstanding warrant and was transported to the Horry County Detention Center, which is operated by the Sheriff's Office. Plaintiff further alleges that on or about that same date, another individual (Arie Patterson) was also arrested by the Horry County Sheriff's Office and booked into the Detention Center on various charges. Plaintiff alleges that during the time of Patterson's arrest and thereafter, he was uncooperative, combative, disrespectful, and generally demonstrated an elevated level of agitation. See Complaint, ¶ ¶ 8-10. Plaintiff alleges that he had already been placed in cell No. 130 at the Detention Center, and that following Patterson's arrest, the Defendant Morales attempted to also put the "clearly upset and agitated Patterson" into cell No. 130 with the Plaintiff. Plaintiff alleges that when Patterson noticed Plaintiff in the cell, he refused to enter the cell, at which time Morales "forcibly required Mr. Patterson into the cell". Id., ¶ 11. Plaintiff alleges that at that time he was sitting on a bench in the cell, and that immediately upon Patterson being placed into the cell, he went up to the Plaintiff and "violently struck Plaintiff in the face with his knee". Id., ¶ 13. Plaintiff alleges that as a result of this assault, he has sustained numerous physical injuries, as well as psychological and emotional damages. Id., ¶ 14

In his **First Cause of Action** Plaintiff asserts a claim against both Defendants for

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(f), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



violations of his constitutional rights pursuant to 42 U.S.C. § 1983[2] and 42 U.S.C. § 1988.[3] Id., ¶ ¶ 5, 17-19. In his **Second Cause of Action** Plaintiff asserts a tort claim against the Defendant Horry County Sheriff's Office pursuant to the SCTCA. Id., ¶ ¶ 5, 21-23.

## Discussion

In their original motion to dismiss, Defendants argued that this case should be dismissed because Plaintiff's federal claims against the Defendants Sheriff's Office and Morales in his official capacity are barred by Eleventh Amendment immunity, that the Defendant Morales in his individual capacity should be dismissed due to insufficient service of process and lack of personal jurisdiction, and that Plaintiff's state law negligence claims against the Sheriff's Office are subject to dismissal for lack of jurisdiction. However, as a result of the status conference held between the Court and counsel and per the submission of counsels' status update, the Defendants are no longer contesting any jurisdictional issues with respect to the Defendant Morales in his individual capacity. Further, Plaintiff now concedes that he cannot maintain his federal claims in this Court against the Horry County Sheriff's Office or against Morales in his official capacity, although rather that allowing Plaintiff to simply withdraw those claims, Defendants want Plaintiff's

---

[2] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

[3] 42 U.S.C. § 1988 provides that proceedings for vindication of civil rights shall be exercised and enforced in conformity with the laws of the United States, as well as allowing for awards of attorneys' fees and expert fees.



claims against the Sheriff's Office and Morales in his official capacity to be dismissed with prejudice. A ruling is also still needed on Defendants' motion for dismissal of Plaintiff's state law claim against the Horry County Sheriff's Office asserted under the South Carolina Tort Claims Act.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Here, Plaintiff concedes, and the Court agrees, that he cannot maintain a federal constitutional claim in this Court against the Horry County Sheriff's Office or the Defendant Morales in his official capacity, as such claims are barred by Eleventh Amendment immunity. Since County Sheriffs are state officers, not county employees, a suit against the "Horry County Sheriff's Office" is a suit against the state of South Carolina for purposes of Eleventh Amendment immunity. Gulledge v. Smart, 691 F.Supp. 947, 954-955 (D.S.C. 1988) [Sheriff's office entitled to Eleventh Amendment immunity from suit]; see Cash v. Thomas, No. 12-1278, 2013 WL 3804375, at * 7 (D.S.C. July 19, 2013)["It is well settled, both in South Carolina and federal law, that a Sheriff in South Carolina is an arm of the State and not a County employee and therefore is entitled to Eleventh Amendment immunity in his or her official capacity from suit in Federal Court"], citing Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996). Further, as an employee of the Sheriff, the Defendant Morales is a state employee and therefore is immune from suit in federal court in his official capacity. Gulledge, 691 F.Supp. at 954-955 [Sheriffs and deputy sheriffs are agents of the State and cannot be sued in their official capacities]; Jamison v. Bamburg, No. 11-2245, 2012 WL 7656426,



at * 3 (D.S.C. Nov. 28, 2012)["[T]he Detention Center defendants [sued in their official capacities] are entitled to sovereign immunity"], aff'd, 2013 WL 819193 (D.S.C. Mar. 5, 2013).

Even so, Plaintiff apparently seeks dismissal of these Defendants without prejudice, so that he can pursue his constitutional claims against these Defendants in state court. However, Defendants are correct that, while through enactment of the SCTCA the State of South Carolina has generally consented to suit for *tort claims* filed against it in state court, it has specifically not waived its immunity or consented to suit for federal constitutional claims, even in state court. See S.C.Code Ann. § 15-78-20(b) ["The general assembly in this chapter intends to grant the State, its political subdivisions, and employees, while acting within the scope of official duty, immunity from liability and suit from any tort except as waived by this chapter . . . . all other immunities applicable to a governmental entity, its employees, and agents are expressly preserved"]; see also Briggs v. South Carolina Dept. of Corrections, No. 13-1348, 2014 WL 1278173, at * 21, and n. 14 (Mar. 27, 2014). Therefore, to the extent Plaintiff has in his First Cause of Action sued the Horry County Sheriff's Office and Morales in his official capacity for violations of his constitutional rights, those Defendants are entitled to dismissal of these claims with prejudice.

With respect to Plaintiff's Second Cause of Action, wherein Plaintiff asserts a tort claim against the Defendant Horry County Sheriff's Office pursuant to the SCTCA, while the SCTCA does waive the state of South Carolina's sovereign immunity from suit in *state court* for certain tort claims, it also specifically provides that the State does *not* consent to suit in *Federal Court* for any such state law tort claims. See S.C.Code Ann. 15-78-20(e) ["Nothing in this chapter is construed as a waiver of the state's . . . immunity from suit in federal court under the Eleventh



Amendment to the Constitution of the United States . . . ."]; Jones v. Busch, No. 15-722, 2015 WL 6125428 at * 6 (D.S.C. Oct. 16, 2015). While a state may voluntarily waive its immunity from suit in this Court with respect to any claims the State would have otherwise been subject to suit on in state court; Freeman v. Pate, No. 12-3280, 2013 WL 5410775, at * 1, 10 (D.S.C. Sept. 26, 2013); cf. Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613, 619 (2002) [A State's voluntary appearance in federal court waives sovereign immunity for claims where a state has consented to suit in its own courts for such claims]; see also Cameron v. Cox, No. 10-1278, 2011 WL 1235308, at * 4 (D.S.C. Jan. 21, 2011), adopted by, 2011 WL 1212177 (D.S.C. Mar. 30, 2011); the state Defendant (Horry County Sheriff's Office) has not done so in this case. As such, this Court cannot exercise "supplemental" jurisdiction over this state law claim, and it must be dismissed.

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' Horry County Sheriff's Office and Morales (in his official capacity) be **dismissed** as party Defendants from Plaintiff's First Cause of Action, with prejudice. It is further recommended that the Defendant Horry County Sheriff's Office's motion to dismiss Plaintiff's Second Cause of Action be **granted**, and that that cause of action be dismissed, without prejudice. Further, as there are no remaining claims in this lawsuit being asserted against the Horry County Sheriff's Office, that Defendant should be **dismissed** as a party Defendant, in toto.

If the recommendation set forth herein is adopted by the Court, the only remaining claim in this lawsuit will be Plaintiff's claim against the Defendant Morales in his individual capacity for a violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 7, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).